IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RACHEL CRAWFORD | § | |
| | § | |
| V. | § | Cause No. A-13-CV-206 LY |
| | § | |
| SAN MARCOS CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| AND WALLY GONZALEZ | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion for Summary Judgment (Dkt. No. 4), Plaintiff's Response (Dkt. No. 9); and Defendant's Reply (Dkt. No. 11). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I. GENERAL BACKGROUND

Rachel Crawford ("Rachel") is a former high school student at San Marcos High School, in the San Marcos Consolidated Independent School District ("the District"), in San Marcos, Texas. Rachel, who has Asperger's Syndrome and received special education services because of this disability, alleges that on August 24, 2006, she suffered a head injury when school employees restrained her on the floor of the girl's bathroom ("August 2006 Restraint Incident"). Rachel's mother, Phyllis Crawford ("Phyllis"), requested mediation with the Texas Education Agency ("TEA") with regard to the August 2006 Restraint Incident and the special education services Rachel was receiving from the District. Before any lawsuit was filed, Phyllis, acting on behalf of her

daughter, entered into a Settlement Agreement with the District on June 21, 2007, in which she agreed to:

    a.    Withdraw all complaints with federal, state and local agencies stemming from the provision of Special Education services and the restraint of Rachel C. on or about August 24, 2006, or against the District, its employees, Trustees, or agents. The withdrawals shall be filed by 5:00 p.m., Tuesday, June 26, 2007.

    b.    Release, acquit, and discharge the District, its Trustees, official agents and employees, from all obligations, demands, claims, causes of action and liability of whatever nature, including legal fees, court costs, and expenses which were raised or could have been raised against them arising out of the provision of Special Education services to Rachel C, and the restraint of Rachel C, that occurred on or about August 24, 2006, or any other act or omission by the District, its employees, Trustees, or agents.

June 21, 2007 Settlement Agreement, Exh. B to Defendant's MSJ.

In the summer of 2007 and after the Settlement Agreement was entered, Rachel was diagnosed with Chiari Malformation and learned that she required surgery. Following her surgery, Rachel received home-bound services for much of the spring semester of the 2006-2007 school year. On January 8, 2008, after she returned to school, Rachel became emotionally distraught and climbed up on a rail on the second floor of the high school. School staff became concerned that she might jump and injure herself and thus assisted her down. Following this incident, Rachel was admitted to a psychiatric hospital with an emergency health commitment, received involuntary mental health care, and was released a few days later whwen it was determined that she was not a danger to herself or others. Rachel complains that after she returned to school in the Spring of 2008, the District placed her in a small room in the school library, where she was separated from other students and

threatened with suspension if she acted outside her strict schedule. Rachel further complains that she was denied the opportunity to take part in certain classes.

On February 2, 2009, Phillis, on Rachel's behalf, filed a Complaint with the Texas Education Agency ("TEA") raising eighteen (18) issues alleging, among other things: a failure to provide a free appropriate public education; failure to provide an appropriate Individualized Education Program ("IEP"); failure to follow her IEPs and Behavioral Intervention Plans ("BIP"); failure to provide appropriate psychological services; failure to provide appropriate psychological services; failure to provide appropriate instructional support; and denial to Plaintiff's parent of meaningful participation in Plaintiff's education. On June 2, 2009, the Special Education Hearing Officer ("SEHO") granted partial relief in favor of Rachel on two of the eighteen issues. The SEHO ordered that any teacher or other staff member who would work directly with Rachel during her senior year receive mandatory training on Rachel's IEP and BIP requirements pertaining to safe places, pass procedures, and protocols for Rachel's entry and exit in classes and classrooms.

On August 28, 2009, Phyllis, on behalf of her daughter (who was still a minor at the time), filed the first of three lawsuits against the District based upon the 2006 Restraint Incident and her placement in the isolated classroom during Spring 2008. *See Crawford v. San Marcos Consol. Indep. Sch. Dist.*, A-09-CA-649-LY ("First Suit"). The First Suit alleged that the District committed numerous violations of the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1415(i)(2) ("IDEA"), during the 2007-2008 and 2008-2009 school years. On July 9, 2012, the Parties settled this lawsuit and Phyllis, on behalf of her daughter,[1] and the District entered into a

---

[1] Because Rachel was a minor, her mother had legal authority to bind Rachel to the Settlement and release all of her potential claims. See Tex. Educ. Code Ann. § 151.001(a)(7) & (10).

Stipulation of Dismissal with Prejudice. The Stipulation of Dismissal stated, in relevant part, the following:

> Plaintiff Rachel Crawford stipulates to the dismissal with prejudice of all claims and causes of action that were or could have been brought in this case against [the District] and all current and former employees, agents, and representatives of [the District]. . .based on the factual allegations made in this case.
>
> Plaintiff further stipulates to the dismissal of any cause of action that could have been based in whole or in part on any transactions, dealings or agreements between or among Plaintiff, [the District], and all current and former Trustees, representatives, agents, insurers, and employees of [the District], all in both their official and unofficial capacities, which have occurred at any time up to the signing of this Stipulation of Dismissal with Prejudice.
>
> Plaintiff stipulates to the dismissal with prejudice of all causes of action that were raised or could have been raised in this case based on the events which have occurred at any time up to the signing of this Stipulation of Dismissal with Prejudice. The Stipulation of Dismissal with Prejudice does not effect either party's claims, defenses, or entitlements in the case styled *Rachel Crawford v. San Marcos Consolidated Independent School District, et al*, Civil Action No. 1:11-CV-415-LY, . . .unless the Court finds claims asserted in Civil Action No. 1:11-CV-415-LY should or could have been asserted in this case (Civil Action No. A-09-CA-649-LY). This Stipulation of Dismissal with Prejudice does not affect Defendant's assertions that the claims in Civil Action No. 1:11-CV-415-LY were released in a settlement agreement between the parties dated on or about June 21, 2007.

Dkt. No. 102 in 1:09-CV-649 LY. Pursuant to the Stipulation of Dismissal, on July 10, 2012, the District Court entered a Final Judgment in the case. *Id.* at Dkt No. 104.

Before the First Suit was settled, Rachel filed her second lawsuit, this time on her own behalf, on May 19, 2011, against the District and District employee Wally Gonzalez based upon the August 2006 Restraint Incident, her assignment to an isolated classroom in the Spring of 2008 and educational services she received during this time period. *See Crawford v. San Marcos Consol. Indep. Sch. Dist., Et Al.*, 1:11-CV-415-LY (the "Second Suit"). Rachel's Original Complaint in the Second Suit alleged claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a, and the Americans with Disabilities Act ("ADA"), and a Fourteenth Amendment claim. After

4

Defendants filed a Motion to Dismiss and a Motion for Summary Judgment, Rachel amended her Complaint and dropped the individual defendant and constitutional claim from her lawsuit. Dkt. No. 14 in 1:11-CV-415-LY. The District filed an Amended Motion to Dismiss and Motion for Summary Judgment, arguing that Rachel's claims were barred by the 2007 Settlement Agreement, the statute of limitations, and for failure to exhaust. On November 26, 2012, the District Court ruled on the motions and found that

> [b]y the explicit terms of the Settlement Agreement, Crawford, through her mother, released the District from all claims regarding the August 24, 2006 restraint incident and provision of special education services, which were raised or could have been raised against the District as well as any other act or omission by the District, its employees, Trustees, or agents with regard to those issues.

*Id.* at Dkt. No. 26. The District Court held that "as a matter of law the Settlement Agreement forecloses all of Crawford's claims in this action that arose up to the execution of the agreement [on June 21, 2007]." *Id.* at 9. With regard to Plaintiff's claims that arose after June 21, 2007, "specifically, that the District discriminated against her on the basis of her disability and wrongfully placed her on a strict school schedule," along with "complaints about her educational program, her classroom management, and the District's failure to supervise staff," the Court found that Crawford had failed to exhaust her administrative remedies under the IDEA with regard to those claims and dismissed those claims for lack of subject-matter jurisdiction. *Id.* at Dkt. No. 27. Though Crawford appealed, on April 16, 2013, the Fifth Circuit dismissed that appeal at Crawford's request. *Id.* at Dkt. No. 29.

After her case was dismissed, and in an attempt to exhaust her administrative proceedings, Plaintiff filed a proceeding with the Texas Education Agency Hearing Officer. However, the Hearing Officer dismissed her claim, finding that it was filed outside the one-year statute of limitations under 19 T.A.C. § 89.1151(c).

5

On March 13, 2013, Rachel filed her third lawsuit ("Current Suit") against the District, once again complaining of the events which occurred between 2006 and 2008, and the allegedly deficient educational services she received in the spring of 2008. The Current Suit again alleges claims under the Rehabilitation Act, the ADA, state-created dangers and duties, Fourteenth Amendment claims under 42 U.S.C. § 1983. It requests that the District Court remand her IDEA claim to the Texas Education Hearing Officer, arguing that the Officer erred in her statute of limitations ruling.

The District has now filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, arguing that Plaintiff's claims are barred by the doctrine of res judicata, the previous settlement agreements, and statutes of limitations.

## II. STANDARD OF REVIEW

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III.   ANALYSIS

**A.   Res Judicata**

The District argues that Rachel's First Suit bars all of Rachel's claims in the Current Suit. Despite the Parties' lengthy and often confusing briefing on this issue,[2] the application of the

---

[2] As Defendant points out, Plaintiff's counsel even confuses the doctrines of res judicata and collateral estoppel.

7

doctrine of res judicata in this case is quite simple and straight forward. "The doctrine of *res judicata*, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004). There are four elements that must be met for a claim to be barred by res judicata: (1) the parties in both the prior suit and current suit must be identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir.), *cert. denied*, 543 U.S. 1034 (2004).

While the parties do not dispute that the first element has been met, the Court will briefly address this factor since Rachel's mother filed the First Suit. While Rachel's mother initiated the First Suit, she pursued that action on behalf of Rachel who was a minor when the suit was filed. Rachel attained the age of majority during the case's pendency and acted on her own behalf when she stipulated to the dismissal of the First Suit. Thus, there is clearly privity between Rachel and her mother in this case. See *Muwwakkil v. Housing Authority of the City of Houston,* 1998 WL 385401, at * 3 (Tex. App.– Houston [1st Dist.] 1998, no writ) (holding that parents were in privity of children who they represented in first lawsuit).

The second and third factors are also met in this case. The Court, clearly a court of competent jurisdiction, issued a Final Judgment in the First Suit after the parties entered into the Stipulation of Dismissal with Prejudice. In the Stipulation of Dismissal, quoted from at length above, Rachel stipulated "to the dismissal with prejudice of all causes of action that were raised or could have been raised in this case based on the events which have occurred at any time up to the signing of this Stipulation of Dismissal with Prejudice." Dkt. No. 102 in 1:09-CV-649 LY at. 2.

Regarding the final element, the Court must apply the "transactional test" to determine if Rachel's claims in the Current Suit are precluded by her claims in the First Suit. *See Davis*, 383 F.3d at 313.

> What grouping of facts constitutes a 'transaction' or a 'series of transactions' must 'be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Id.* (quoting Restatement (Second) of Judgments § 24(2) (1982)). The critical issue is whether the two actions "are based on the same nucleus of operative facts." *Id.* (quoting *Petro-Hunt, L.L.C.*, 365 F.3d at 396). Rachel's claims in the Current Suit are clearly "based on the same nucleus of operative facts" as her First Suit. Although the First Suit was brought pursuant to the IDEA, and the Current Suit alleges claims under the Rehabilitation Act, the ADA and the Fourteenth Amendment, both suits are based on identical facts occurring in the same time period, namely the 2006 Restraint Incident and the educational services provided to Rachel in the 2007-2008 school year. Thus, the claims in the Current Suit are part of the same transaction as the claims in the First Suit. *See Steen v. Harvey*, 247 F. App'x 511, 515 (5th Cir. 2007) (holding that case was barred by res judicata where later suit alleged claims based on the same facts and same time period). Because all of the facts were known to Rachel and her mother when the First Suit was filed, Rachel could have brought the claims raised in the Current Suit in her First Suit. *See D–1 Enterprises, Inc. v. Commercial State Bank*, 864 F.2d 36, 38 (5th Cir. 1989) ("Essential to the application of the doctrine of res judicata is the principle that the previously unlitigated claim could or should have been brought in the earlier litigation.").

The fact that Rachel may not have received a right to sue letter with regard to her ADA claim at the time of the filing of the First Suit does not change the application of res judicata in this case. *See Murry v. General Services Admin.*, 553 F. App'x 362, 365-66 (5th Cir. 2014) ("The lack of right-

9

to-sue letter for *Murry I* does not affect the rules of res judicata"); *Davis,* 383 F.3d at 315-16 (holding that race discrimination claims were barred by res judicata even though employees had not received right to sue letters since conduct underlying second action occurred before first action and plaintiff could have requested a stay to receive right to sue letters); *Jang v. United Technologies Corp.*, 206 F.3d 1147 (11th Cir. 2000) (ADA claim was not exempt from res judicata where plaintiff failed to obtain right-to-sue letter during pendency of previous litigation). Accordingly, all of Rachel's claims in this lawsuit are barred by res judicata. Defendant's Motion for Summary Judgment should be granted on this basis.³

## IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** San Marcos Consolidated Independent School District's Motion for Summary Judgment (Dkt. No. 4).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

---

³Because all of the claims in this case are precluded by res judicata, the Court does not reach Defendant's alternative arguments for dismissal.

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of January, 2015.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE